UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE JONES,

    Plaintiff,

v.                                                                    Case No. 8:22-cv-134-CPT

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

**ORDER**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 26). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in January 2022 seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In September 2022, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and for the action to be remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 21). The Court granted that request (Doc. 22), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 23). Roughly

three months later, the Plaintiff sought and obtained $3,356.60 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 24, 25).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 26-2). According to the letter authorizing this relief, the Social Security Administration withheld $15,543.00 of this past-due amount for a possible future award of attorney's fees. *Id.* at 5. This figure equates to less than twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $15,543.00 for the services his attorney rendered in this action. (Doc. 26). This sum does not conflict with the Plaintiff's fee agreement, as that agreement provides for a contingency fee of twenty-five percent of his past-due benefits. *Id.*; (Doc. 26-1). According to the Plaintiff, his counsel is aware of his obligation to reduce the $15,543.00 sum by the amount of the previous EAJA award of $3,356.60 in the event the Court grants his motion. (Doc. 26 at 3). The Commissioner does not object to the requested fee figure. (Doc. 28).

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273,

1276–78 (11th Cir. 2006) (per curiam).[1] Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court conduct an independent review of a counsel's fee arrangement with his client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee amount be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting an earlier EAJA award from a subsequent

---

[1] In light of the circumstances presented, the Court invokes its authority under Local Rule 1.01(b)—which permits the Court to suspend the application of a local rule—and declines to enforce Local Rule 7.01's bifurcation approach to fee requests in this matter. M.D. Fla. R. 1.01(b).

3

section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $15,543.00 is based upon 14.5 hours expended by his counsel on this appeal during 2022. (Doc. 26-3). This sum encompasses all the work the Plaintiff's lawyer performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after figure equates to less than twenty-five percent of the total past-due benefits granted to the Plaintiff. (Docs. 26-1, 26-2). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee amount is reasonable.

### III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 26) is granted, and the Plaintiff shall be awarded fees in the amount of $15,543.00 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to the Plaintiff's lawyer from the past-due benefits currently being withheld by the Commissioner.

2. Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee award of $3,356.60.

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 12th day of December 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record